**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**GARY AIRCRAFT CORPORATION, Respondent.**

No. 72–1099.

United States Court of Appeals, Fifth Circuit.

Nov. 2, 1972.

Rehearing and Rehearing En Banc Denied Jan. 2, 1973.

Marcel Mallet-Prevost, Asst. General Counsel, N.L.R.B., Washington, D. C., Clifford W. Potter, Director, Region 23, N.L.R.B., Houston, Tex., Howard Kaufman, Atty., N.L.R.B., Washington, D. C., for petitioner.

A. J. Harper, II, Robert S. Bambace, Houston, Tex., for respondent.

Before DYER, SIMPSON and MORGAN, Circuit Judges.

PER CURIAM:

This is an action seeking enforcement of an NLRB remedial order directed to Gary Aircraft Corporation for alleged unfair labor practices growing out of an organizational drive by the International Brotherhood of Operative Potters at the company's Hondo, Texas, plant. In its order, the NLRB found that the company had violated Section 8(a)(1) of the National Labor Relations Act by surveillance of a union meeting, by granting benefits during the organizational drive, and by threatening to close the plant if the union was selected. The Board also found that the discharge of one employee, Canales, was violative of Section 8(a)(3) of the National Labor Relations Act.

We have carefully reviewed the record in this case and find that, with one exception, the decision of the Board was based on substantial evidence in the

record considered as a whole and that the Board's order should be enforced.

The Board found that the company had violated Section 8(a)(1) due to the presence of a leadman, the lowest level of supervision, at a union meeting. While we accept the fact that leadman Frank Gomez was indeed present at one union meeting, we do not agree that under the circumstances presented in this case his mere attendance was enough to " 'interfere with, restrain, coerce' employees in the exercise of their § 7 rights". NLRB v. Atkins Saw Division, 5 Cir. 1968, 399 F.2d 907, 910; cf. NLRB v. Southwire Co., 5 Cir. 1970, 429 F.2d 1050.

The union's own witnesses established that there was indiscriminate leafletting of employees leaving the plant by non-employees and quite probably leadmen were given leaflets inviting them to the union's meeting at a local establishment, the West End Club. At this meeting, one Canales, a leading union adherent who was a major force behind the organization drive, noticed Gomez sitting at a table with other Gary employees. Canales himself, the only witness presented by either side on this point, stated that he walked over to the table and told Gomez that he, Canales, "was glad he [Gomez] could come". Canales then offered Gomez a soft drink which was accepted. There is also testimony that Gomez engaged in friendly conversation with some of those present.

In light of this testimony, and since the Board can point to no suggestion of "coercion" other than Gomez' mere presence, we hold that the Board did not have enough evidence to show that there was indeed the required coercion. We agree with the language of the Fourth Circuit in a similar case which stated:

Absent stronger circumstances, we do not believe the evidence upholds the Board's finding that the two supervisors thereby interfered with or restricted the employees in their organizational rights. NLRB v. Brookside Industries, Inc., 4 Cir. 1962, 308 F.2d 224, 225.[1]

We do not wish to indicate that we feel mere attendance alone can never be a clear violation of the Act. Rather we emphasize here on these bare circumstances, with no conclusive evidence that the company ever knew of Gomez' attendance, and in light of the fact that the actions of Canales at the time do not indicate that he, a leading union spokesman and an employee of Gary, felt the presence of Gomez was coercive, that we simply feel the Board went too far in finding this single incident a violation of Section 8(a)(1).

Thus we deny enforcement to the first paragraph of the Board's remedial order which relates to the alleged surveillance. As noted, we find substantial support in the record for the other conclusions reached by the Board and grant them enforcement.

Enforced in part and enforcement denied in part.

## ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

### PER CURIAM:

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.

1, In *Brookside* two supervisors attended a meeting of employees, were invited to remain, and did indeed stay for both the meeting and a social gathering afterwards. They were told by the chairman that they should not come to more meetings. The next day at the plant they were reprimanded by the company at a supervisors' meeting and told never to attend again.

We feel the circumstances here are quite similar. There was evidence that prior to the meeting attended by Gomez all leadmen had been told by Gary's attorney that they were not to attend union meetings. There is no direct evidence here that the company ever found out about Gomez going to the meeting. There is only some testimony that a leadman who was fired for interrogating employees about union activities did make a statement questioning why he was fired if Gomez was not.

Gomez was no longer employed by Gary at the time of the trial examiner's hearing and was not a witness in the case.